UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-01666-WLH-CTS | Date | June 12, 2026 |
|---|---|---|---|
| Title | *Cecile Kasengela v. Kaiser Foundation Hospitals et al.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION [31] AND PLAINTIFF'S MOTION TO WITHDRAW PLAINTIFF'S REPLY [32] [39]**

The Court is in receipt of Petitioner's Ex Parte Application to for Leave to File a Supplemental Opposition to Defendants' Motion to Dismiss (Application, Dkt. No. 31) and Plaintiff's Motion to Withdraw Plaintiff's Reply (Mot., Dkt. Nos. 32, 39).  For the reasons explained herein, the Court **GRANTS** the Application.  Additionally, the Court **GRANTS** Plaintiff's Motion to Withdraw her Reply.

*Ex parte* applications are "rarely justified."  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  To obtain *ex parte* relief, a moving party must present evidence to show that they will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power*, 883 F. Supp. at 492.  In the absence of a showing that Plaintiff would be irreparably prejudiced if the Application was heard pursuant to ordinary motion procedures, *ex parte* relief is inappropriate.  *Mission Power*, 883 F. Supp. at 489 (explaining that improper, non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

emergency *ex parte* applications are "detrimental to the administration of justice"); (Standing Order, Docket No. 9 at 16 ("*Ex parte* applications are solely for extraordinary relief...")).

The Court finds that with approximately 29 days between the new order and the Motion's hearing, it would be theoretically possible to have a regularly noticed motion only if it were filed immediately on or very shortly after April 30.  In reality, if the party received the order on April 30 and then needed time to prepare, file, and obtain a hearing date, this may not be enough time to use the regular motion process, especially as Plaintiff is a pro se litigant.  For these reasons, the Court finds that Plaintiff may file the new ruling from the workers' compensation appeals board.  No supplemental briefing or argument regarding the ruling is authorized.  Accordingly, Plaintiff's Application is **GRANTED**.

Additionally, Plaintiff requests leave to withdraw the Reply filed in connection with Defendants' Motion to Dismiss, which Plaintiff indicates she inadvertently filed. (Mot. at 2).  In accordance with Local Rule 7-10, absent prior written order of the Court, the opposing party may not file a response to the reply.  Thus, the Court **GRANTS** Plaintiff's request to withdraw her Reply brief.

**IT IS SO ORDERED.**