**SEYFARTH SHAW LLP**
Christian Rowley (SBN 187293)
crowley@seyfarth.com
Petersen Walrod (SBN 339521)
pwalrod@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILE KASENGELA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, a California corporation; KAISER FOUNDATION HEALTH PLAN INC.; a California corporation; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, a partnership; BRAD UMSTED, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01666 WLH (AGR)<br><br>**DEFENDANT'S RULE 26(f) REPORT**<br><br><u>Scheduling Conference</u><br>Date:          July 10, 2026<br>Time:          1:00 p.m.<br>Courtroom:  9B<br><br>Complaint Filed: January 6, 2026<br>Removal Filed:   February 17, 2026<br>Responsive Pleading Filed:    March 24, 2026 (MTD)<br>Trial:             TBD |

326823355v.2

**TO THE HONORABLE COURT:**

Pursuant to the Court's Order Setting Scheduling Conference, Defendant Kaiser Foundation Hospitals ("Defendant") hereby submits this Rule 26(f) Report in advance of the July 10, 2026 Scheduling Conference.

This unilateral filing was necessitated because Plaintiff failed to submit her portions of this report on a timely basis, despite the Parties having met and conferred, and counsel for Defendant having appraised Plaintiff of the deadline to file this report, as well as multiple attempts by Defendant to meet and confer ahead of the deadline.

## I. STATEMENT OF THE CASE

### A. <u>Plaintiff's Position</u>

### B. <u>Defendant's Position</u>

Plaintiff filed the original Complaint on January 6, 2026, and served Defendant on January 16, 2026. On February 17, 2026, Defendant timely removed the action to this Court. On February 24, 2026, Defendant filed its First Motion to Dismiss. On March 10, 2026, Plaintiff filed the FAC. The FAC alleges COA's for: (1) Retaliation for Engaging in Protected Activity in Violation Of FEHA, Gov. Code § 12900 et seq.; (2) Race Discrimination in Violation of FEHA, Gov. Code § 12940; (3) Failure to Prevent Harassment/Discrimination in Violaion [sic] of FEHA, Gov. Code § 12940; (4) Retaliation for Complaints of Harasment[sic]/Discrimination/ Retaliation in Violation of FEHA Gov. Code § 12940; (5) Violation of Labor Code 1102.5; and (6) Wrongful Termination in Violation Of FEHA, Gov. Code § 12900 et seq, Health And Safety Code Section 1278.5, and Public Policy.

On March 24, 2026, Defendant moved to dismiss the FAC on the basis that it was preempted by the LMRA and the NLRA, and that the FAC failed to sufficiently state any cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant believes that the FAC is preempted and is deficient as a matter of law. Moreover, the FAC does not allege any viable cause of action. Plaintiff also was not

1

RULE 26(f) REPORT

326823355v.2

harmed by any of the alleged conduct. Plaintiff appears to have partly acknowledged the lack of merit to her claims by dismissing over half of the claims alleged in her previous complaint.

If any of Plaintiff's claims survive pleading challenges, Defendant intends to interpose affirmative defenses, including but not limited to, statute of limitations, unclean hands, laches, failure to exhaust administrative remedies, legitimate business reasons, mixed motive, and same decision, among others.

Essentially, Plaintiff's claims arise from preempted, non-actionable, personal grievances with respect to her employment with Defendant, the core of which are rights endowed by the governing collective bargaining agreement. To the extent any adverse employment actions occurred at all, they were not predicated on animus or any unlawful motive. The FAC's allegations of protected activity and/or wrongful conduct are non-existent. The FAC itself admits numerous problems with respect to Plaintiff's employment, including specific examples of inadequate professional judgment and a "nurses' strike" against her.

## II.    SUBJECT MATTER JURISDICTION

### A.    **Plaintiff's Position**

### B.    **Defendant's Position**

This Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Specifically, federal question jurisdiction arises from LMRA and NLRA preemption, and supplemental jurisdiction exists over the other claims (to the extent they are not so preempted) because they arise from the same factual nexus.

## III.    LEGAL ISSUES

### A.    **Plaintiff's Position**

### B.    **Defendant's Position**

RULE 26(f) REPORT

326823355v.2

At present, the principal threshold issues include federal preemption under the LMRA and NLRA, the adequacy of Plaintiff's complaint as a matter of federal pleading standards, and subject-matter jurisdiction. Defendant has raised these issues by way of a motion to dismiss.

To the extent any claims survive a motion to dismiss, Defendant anticipates evaluating and, if appropriate, pursuing additional pleading challenges, including further motions under Rule 12(b)(6) for failure to state a claim. If the case proceeds past the pleading stage, Defendant expects to consider dispositive motion practice, including a motion for summary judgment under Rule 56.

Damages also present a significant issue in this matter. As currently pleaded, the complaint does not clearly articulate a cognizable damages theory. If necessary, Defendants will pursue discovery directed to the nature and scope of any alleged damages, including the factual basis for such claims.

## IV.   PARTIES AND EVIDENCE

### A.   Plaintiff's Position

### B.   Defendant's Position

The Parties in this case are Plaintiff and Defendant.

Defendant anticipates that there may be a substantial number of percipient witnesses in this matter. Given the early stage of the proceedings, Defendant does not yet have a complete or finalized witness list and reserves the right to supplement their disclosures as discovery progresses.

Given the FAC's allegations, Defendant identifies the following individuals tentatively as potential witnesses: Brad Umsted, Lillian Lim, Tracey McNamara, and Robert Brannen. The original complaint and FAC identify more than thirty individuals who may have knowledge, though it is unclear whether these witnesses have relevant information. Additional individuals presently identified include Renee Malachi, Becky Buckingham, James Considine, and Mario Moreno. Defendant expressly reserves the

326823355v.2

right to amend and supplement this list as appropriate. Defendant anticipates that relevant documents will include, but are not limited to: Records and documentation relating to Plaintiff's termination and any prior disciplinary actions, including suspensions; Documents concerning the nurses' strike referenced in the complaint; Applicable policies, procedures, and workplace guidelines; Records of any complaints made against Plaintiff; and Plaintiff's own statements, complaints, and communications relevant to the allegations.  Defendant will continue to identify and produce responsive, non-privileged documents consistent with their discovery obligations. Defendant has filed a Corporate Disclosure Statement in compliance with applicable rules, which addresses disclosures regarding corporate relationships and potential conflicts.

## V.  DAMAGES

### A.  **Plaintiff's Position**

### B.  **Defendant's Position**

Defendant contends that Plaintiff has not suffered any legally cognizable damages as a result of the conduct alleged in the complaint. As currently pleaded, the FAC does not identify a viable theory of recoverable damages or factual basis supporting entitlement to monetary or other relief. Defendant therefore maintains that Plaintiff's alleged damages are nonexistent, speculative, or otherwise unrecoverable as a matter of law. Notwithstanding this position, and to the extent necessary, Defendant reserves the right to seek discovery concerning Plaintiff's alleged damages, including the nature, extent, and evidentiary support for any claimed losses.

## VI.  INSURANCE

### A.  **Plaintiff's Position**

### B.  **Defendant's Position**

Defendant is insured for catastrophic losses that are well in excess of any potential recovery in this action.

4

RULE 26(f) REPORT

326823355v.2

## VII.    MOTIONS

### A.    Plaintiff's Position

### B.    Defendant's Position

A motion to dismiss is currently pending before the Court. Plaintiff has also filed a motion to remand.

Given the early procedural posture of the case and the unresolved status of these threshold motions, the scope and timing of future motion practice remain uncertain. Defendant expressly reserves all rights to bring additional motions as appropriate, including further motions to dismiss and, if warranted following discovery, a motion for summary judgment.

## VIII.    MANUAL FOR COMPLEX LITIGATION

The parties do not believe that the present litigation constitutes complex litigation which may require utilization of all or parts of the procedures of the Manual for Complex Litigation.

## IX.    DISCOVERY

### A.    Status of Discovery

The case is not at issue. No discovery has been propounded or exchanged.

### B.    Discovery Plan

#### 1.    Plaintiff's Position

#### 2.    Defendant's Position

Defendant anticipates conducting discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. No discovery has been conducted to date, as the case is not yet at issue.

In light of the pending motion to dismiss and motion to remand, Defendant believes it may be appropriate to defer initial disclosures and formal discovery until those

5

326823355v.2

threshold issues are resolved. Defendant reserves the right to seek a stay or modification of discovery obligations as appropriate.

**C.   Discovery Cut-off**

   **1.   Plaintiff's Position**

   **2.   Defendant's Position**

May 10, 2027.

**D.   Expert Discovery**

   **1.   Plaintiff's Position**

   **2.   Defendant's Position**

Initial Expert Disclosures: April 9, 2027; Rebuttal Expert Disclosures: May 9, 2027; Expert Discovery Cutoff: June 23, 2027.

**E.   Settlement Conference and Alternative Dispute Resolution ("ADR")**

   **1.   Plaintiff's Position**

   **2.   Defendant's Position**

The parties have not engaged in settlement discussions to date. The Court has issued a notice regarding its court-directed alternative dispute resolution ("ADR") program. At this time, Defendant believes that a Mandatory Settlement Conference ("MSC") before a Magistrate Judge would be the most appropriate form of ADR in this matter.

**F.   Trial**

   **1.   Trial Estimate.**

      **a.   Plaintiff's Position**

      **b.   Defendant's Position**

RULE 26(f) REPORT

326823355v.2

4 days. At this early stage, Defendant tentatively estimates calling 4-6 percipient witnesses.

**2.    Jury or Court Trial.**

**a.    Plaintiff's Position**

**b.    Defendant's Position**

Defendant does not request a jury trial.

**3.    Consent To Trial Before a Magistrate Judge.**

**a.    Plaintiff's Position**

**b.    Defendant's Position**

Defendant does not consent to trial before a Magistrate Judge.

**4.    Lead Trial Counsel.**

**a.    Plaintiff's Position**

**b.    Defendant's Position**

At trial, Defendant shall be represented by Christian Rowley and Petersen D. Walrod.

**G.    Independent Expert or Master**

**a.    Plaintiff's Position**

**b.    Defendant's Position**

Defendant does not believe an independent expert or master is needed for this matter.

**H.    Other Issues**

**a.    Plaintiff's Position**

**b.    Defendant's Position**

7

RULE 26(f) REPORT

326823355v.2

At this time, Defendant has nothing to raise.

## X.    SCHEDULE WORKSHEET

### a.    Plaintiff's Position

### b.    Defendant's Position

The parties attempted to agree to fill out the schedule worksheet jointly. However, despite their best efforts, the parties were unable to come to agreement as to the schedule. Therefore, each party shall submit a separate worksheet.

DATED:  June 26, 2026                CECILE KASENGELA, IN PRO PER


By:_____
CECILE KASENGELA, IN PRO PER


DATED:  June 26, 2026                SEYFARTH SHAW LLP


By: /s/ Petersen D. Walrod
_____
Christian Rowley
Petersen D. Walrod
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

8

RULE 26(f) REPORT

326823355v.2