CECILE KASENGELA

2306 Element Way

Chula Vista, CA 91915

Telephone: (619)480-6877

Email: cecilekasengela48@gmail.com

CECILE KASENGELA, IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT

6/23/26

CENTRAL DISTRICT OF CALIFORNIA
BY _____CS_____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CECILE KASENGELA,

     Plaintiff,

V.

KAISER FOUNDATION HOSPTITALS, (a California corporation), KAISER FOUNDATION HEALTH PLAN INC., (a California corporation), SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, (a Partnership), BRAD UMSTED, (an individual), DOES 1 THROUGH 100, inclusive,

     Defendant(s).

Case No.: 2:26-cv-01666-VHL-CTSx.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM POINTS AND AUTHORITIES; DECLARATION OF PLAINTIFF; PROPOSED ORDER**

**JUDGE: HON. WESLEY L. HSU**

**MAGISTRATE JUDGE: CHRISTINA SHAY**

**HEARING DATE: NOT SET**
**HEARING TIME: NOT SET**

## TO THE UNITED STATES CENTRAL DISTRICT COURT, DEFENDANT, AND THEIR ATTORNEYS OF RECORD

- 1 -
NOTICE OF AND MOTION TO REMAND

## REFERENCES

*1. Title 28 U.S.C. § 1447(c) ............................................................. 2-4*

*2. Title 28 U.S.C. § 1447(d) ............................................................ 2-4*

*3. Christianson v. Colt Industries Operating Corp., 486 U.S. 800 at 810, 108 S.Ct. 2166, at 2174, 100 L.Ed.2d 811 (1988) ............................................. 6*

*4. Merrell Dow Pharmaceuticals Inc., v. Thompson, 478 U.S. 804, 807 (1986).... 6*

*5. Title 28 U.S.C. § 1331 ................................................................ 6*

*6. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) ..........................7*

*8. N.L.R.B. v. City Disposal Sys. Inc., 465 U.S. 822, 830 (1984) ................. 7*

*9. Royal Canin U.S.A., Inc. v. Wullschleger, 145 S. Ct. 41, 220 L. Ed. 2d. 153 (2025) .............................................................................. 8*

*10. Kennedy v. Nat. Balance Pet Foods, Inc., 361 Fed.Appx. 785, 787 (9th Cir. 2010). .............................................................................. 9*

11. *Bromwell v. Michigan Mutual Ins., 115 F.3d 208, 213 (3rd Cir. 1997) .........9*

*12. International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991) ................................................................. 9*

*13. Najmiev v. Special Touch Home Care Servs. No. 17-cv-01386 (VEC), 2017 U.S. LEXIS 108634, at \*3 (S.D.N.Y. (2017) ............................................... 9*

*14. Caminetti v. United States, 242 U.S. 470, 485 (1917) .......................... 12*

15. *Miller v. AT&T Network Sys., 850 F. 2d 543, 545-46 (9th Circ. 1988) ......... 12*

NOTICE OF AND MOTION TO REMAND

16. *Cramer v. Consol Freightways, Inc.*, 255 F. 3d 683, 691-92 (9th Circ. 2001) .....13

17. *Livadas v. Bradshaw, 512 U.S. 107, 125 (1994)*........................... 13

18. Kaye *v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 421 (2013)...............13

----

NOTICE OF AND MOTION TO REMAND

## **NOTICE OF MOTION TO REMAND**

TO THE UNITED STATES CENTRAL DISTRICT COURT, DEFENDANT, AND

THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the undersigned Plaintiff CECILE KASENGELA will

respectfully ask the United States Central District Court Judge HON. WESLEY L.

HSU, as soon as the matter may be heard, for an order to remand this case back to

Superior Court of the State of California, County of Los Angeles pursuant to Title 28

U.S.C. § 1447(c) for lack of subject matter jurisdiction. This motion is made on the

grounds that Plaintiff's First Amended Complaint, the operative complaint in this

matter is "well-pleaded" on its face, pleads only independent statutory rights protected

under state-law claims and do not require contractual interpretation to be resolved, and

does not plead a federal question.

Title 28 U.S.C. § 1447(c) mandates that "if, at any time before final judgment,

the federal court determines it lacks subject matter jurisdiction, the case must be

remanded to the state court from which the case was removed" *[Title 28 U.S.C. §

1447(c)]*. Based on the argument herein, this court lacks subject matter jurisdiction

over Plaintiff's First Amended Complaint; therefore, remanding this case back to the

Superior Court of California, county of Los Angeles is appropriate. This Remand is

mandated and without appeal review pursuant to Title 28 U.S.C. § 1447(d).

NOTICE OF AND MOTION TO REMAND

This Notice of Motion and Motion to Remand is filed following a meet and confer on June 17th, 2026, at 0210 pm between Plaintiff, In Pro Per, and Defendant's counsel pursuant to local rule 7-3 of the Central District. Defendant's counsel did not object.

DATED: June 23, 2026

CECILE KASENGELA,

IN PRO PER

- 5 -

NOTICE OF AND MOTION TO REMAND

## <u>MOTION TO REMAND CASE BACK TO STATE COURT</u>

## <u>A. BACKGROUND</u>

1. On January 6, 2026, Plaintiff, CECILE KASENGELA, a California citizen, filed her original complaint in Superior Court of California, County of Los Angeles against multiple Defendants, pled multiple causes of action, and federal questions.

2. On February 18, 2026, Defendant removed this case to federal court pursuant to Title 28 U.S.C. §1331, on the grounds that Plaintiff's claims were preempted under Section 301 of the Labor Management Relations Act (LMRA) requiring CBA interpretation and federal jurisdiction for resolution.

3. On February 24th, 2026, Defendant filed a Motion to dismiss Plaintiff's complaint on multiple grounds.

4. On March 10, 2026, as a master of her complaint, Plaintiff filed her First Amended Complaint (FAC), which became the operative complaint in this matter. In Plaintiff's First Amended Complaint, Plaintiff removed multiple defendants, multiple federal questions, and pled only her independent statutory rights protected under state laws. All six causes of action allege Defendant's violation of Plaintiff's independent statutory rights protected under state laws, California FEHA, Health and Safety, Labor code 1102.5, and public policy. Plaintiff's First Amended Complaint reads: "This is an action by CECILE KASENGELA ("Plaintiff") who suffered harm from retaliation and violation of FEHA, California Government Code § 12900 *et seq.*, violation of Labor

code § 1102.5, violation of health and safety code section 1278.5, and violation of public policy by Defendant KAISER FOUNDATION HOSPITALS, KAISER FOUNDATION HEALTH PLAN, INC, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, BRAD UMSTED, and DOES 1-100 inclusive." Plaintiff First Amended Complaint causes of action read as follow: A. RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY IN VIOLATION OF FEHA, GOV. CODE § 12900 *et seq.*; B. RACE DISCRIMINATION IN VIOLATION OF FEHA, GOV. CODE § 12940; C. FAILURE TO PREVENT HARASSMENT/DISCRIMINATION IN VIOLAION OF FEHA, GOV. CODE § 12940; D. RETALIATION FOR COMPLAINTS OF HARASMENT/DISCRIMINATION/RETALIATION IN VIOLATION OF FEHA GOV. CODE § 12940; E. VIOLATION OF LABOR CODE 1102.5; F. WRONGFUL TERMINATION IN VIOLATION OF FEHA, GOV. CODE § 12900 *et seq*, HEALTH AND SAFETY CODE SECTION 1278.5, and PUBLIC POLICY.

## B. MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Plaintiff's First Amended Complaint does not plead any Substantial Federal Question

1. Federal jurisdiction requires that a federal question be a substantial part of the case. In Plaintiff's first amended complaint, there is no legal theory connected to any federal statute, and Plaintiff does not plead any federal questions.

NOTICE OF AND MOTION TO REMAND

2. Each cause of action is independent from any federal right or authority. Each is complete in and of itself without having to resort to federal law to obtain relief. "Even where a claim can be supported by alternative and independent theories, one of which is a state law theory and one of which is a federal law theory, federal question jurisdiction does not apply unless federal law is an essential element of each claim" *[Christianson v. Colt Industries Operating Corp., 486 U.S. 800 at 810, 108 S.Ct. 2166, at 2174, 100 L.Ed.2d 811 (1988)].*

3. "Federal question jurisdiction exists only if Plaintiff's right to relief depended necessarily on a substantial question of federal law." *[Merrell Dow Pharmaceuticals Inc., v. Thompson, 478 U.S. 804, 807 (1986)].* In her First Amended Complaint, Plaintiff's right to relief does not depend necessarily on a substantial question of federal law.

## 2. The "well-pleaded" complaint Rule/Prima Facie Rule

"A federal question must be presented on the face of the Plaintiff's properly pleaded complaint to establish federal jurisdiction" *[Title 28 U.S.C. § 1331].* Plaintiff first amended complaint does not present a federal question on the face of her complaint. On the face of her First Amended Complaint, Plaintiff pleads claims of retaliation, discrimination, and wrongful termination in violation of California Fair Employment and Housing Act (FEHA), Labor Code 1102.5, Health and Safety Code 1278.5, and public policy, which are independent, nonnegotiable state-law rights that do not rely on

- 8 -
NOTICE OF AND MOTION TO REMAND

federal statutes for interpretation. In their motion to dismiss, the Defendant improperly re-characterized and diverted Plaintiff's claims falsely stating that her claims arose from Defendant's violation of the collective bargain agreement (CBA) and that Plaintiff was engaged in concerted activities to maliciously invoke preemption under section 301 of the LMRA and to manufacture a federal question. "The fact that the claims may be subject to a federal defense does not create a federal question" *[Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)]*.

The Defendant also used a case law in which the lower Court decision concluded that a single employee protected activities were concerted because the result would benefit other employees to misclassify Plaintiff's protected activities as concerted and manufacture a federal question. Through her legal research, Plaintiff discovered that in this case cited by Defendant, the Court of Appeal reversed the lower Court's decision and ruled that the employee protected activities were non-concerted because he was a single employee advocating for himself regardless of how the employer chose to apply the result of his claims into their policies. *[N.L.R.B. v. City Disposal Sys. Inc., 465 U.S. 822, 830 (1984)]*.

Defendant attempts to sever, divert, mischaracterize and misclassify Plaintiff's claims to manufacture a federal question and federal jurisdiction constitute Impermissible forum manipulation, which calls for sanctions by this Court. As a master of her complaint, Plaintiff is entitled to pursue state law remedies in state court, the

- 9 -

NOTICE OF AND MOTION TO REMAND

Defendant cannot divert Plaintiff claims which arose from Defendant violations of Plaintiff's independent statutory rights for her non-concerted activities protected under California Statutory laws to manufacture a federal question and jurisdiction. Plaintiff statutory rights exist independent of any labor contract and are non-negotiable statutory rights; her complaint is "well-pleaded"; does not plead any federal question on its face, and interpretation of the CBA is not required to resolve her claims. Plaintiff respectfully request that this court exercise its mandatory duty to remand the case back to the original state court as her complaint is "well-pleaded".

### 3. Post-removal dropping of federal claims requires remand

As a master of her complaint, Plaintiff amended her complaint and dropped federal claims from her First Amended Complaint, which renders this federal court lacking subject matter jurisdiction over this case.

*In Royal Canin U.S.A v. Wullschleger (2025)*, the U.S. Supreme Court's decision confirmed that "if a Plaintiff amends their hybrid complaint to explicitly drop federal law claims, the case must be remanded to state court due to a lack of subject matter jurisdiction." *[Royal Canin U.S.A., Inc. v. Wullschleger, 145 S. Ct. 41, 220 L. Ed. 2d. 153 (2025)].* Post-removal of her case, Plaintiff filed her First Amended Complaint and dropped federal questions, multiple defendants, and streamlined her causes of action. Plaintiff First Amended Complaint, the operative complaint in this case no longer pleads federal questions, and the federal district court no longer has jurisdiction

- 10 -
NOTICE OF AND MOTION TO REMAND

to hear the remaining state-laws claims. Therefore, remanding this case to state court from which it was removed due to lack of subject matter jurisdiction is appropriate as mandated pursuant to Title 28 U.S.C. § 1447(c). This statute mandates that: "if", at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded back to the state court from which it was removed; and the lack of subject matter jurisdiction cannot be waived." *[28 U.S.C. § 1447(c)]; [Kennedy v. Nat. Balance Pet Foods, Inc., 361 Fed.Appx. 785, 787 (9th Cir. 2010)].* "Once the federal court determines that it lacks jurisdiction, it must remand the case to the appropriate state court." *[Bromwell v. Michigan Mutual Ins., 115 F.3d 208, 213 (3rd Cir. 1997)]; International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991)].*

Plaintiff's First Amended Complaint has not yet reached the final judgement stage, further mandating a Remand back to state court from which it was removed.

4. Defendant's Defense does not preempt Plaintiff claims

The US Supreme Court has established that Section 301 preemption is not mandated simply because the defendant relies on the CBA to mount a defense. In Najmiev v. Special Touch Home Care Services (2017), *"Plaintiff moved for remand, arguing that his claims were not preempted by Section 301 because resolution of his claims required an interpretation of only state law and not the CBA, The Court agreed with Plaintiff and REMANDED this case back to New York Supreme Court"[Najmiev v.*

NOTICE OF AND MOTION TO REMAND

*Special Touch Home Care Servs. No. 17-cv-01386 (VEC), 2017 U.S. LEXIS 108634, at *3 (S.D.N.Y. (2017)].*

The same is true here, Plaintiff's claims of discrimination, retaliation and wrongful termination arose from Defendant violation of her independent statutory rights, non-negotiable and protected under state laws, and do not require CBA interpretation for multiple reasons that include the fact that she was a single employee engaged in non-concerted activities advocating for her independent statutory rights protected under state laws, which the NLRB which govern CBA does not protect since they were non-concerted activities, and the timing of the adverse actions. Defendant argued that Plaintiff evaded LMRA preemption by dropping claims. LMRA preemption is not applicable in Plaintiff's case because the NLRB that Govern CBA does not protect non-concerted activities which Plaintiff was engaged in as a single employee advocating for herself against the discrimination and retaliation Defendant inflicted upon her.

Few facts from Plaintiff First Amended Complaint show the timing of the adverse actions by Defendant that evidence Defendant's retaliatory motives and violations of Plaintiff independent statutory rights protected under state laws and why the interpretation of the CBA is not required to resolve Plaintiff's claims:

1. On October 14, 2022, **TWO WEEKS** after Plaintiff asked Brad Umsted why he targeted her, Brad Umsted arbitrarily accused Plaintiff of overmedicating patients

NOTICE OF AND MOTION TO REMAND

and creating a hostile working environment, suspended her for four months in retaliation, Gaslighted her on January 23, 2023 when he lacked evidence to support his accusations against Plaintiff, and removed her from her relief charge nurse position, instructed her to start looking for other jobs, isolated her away to a unit without any human interactions in February 2023 in retaliation because Human Resources instructed him to lift his four months suspension for lack of evidence against Plaintiff; a retaliation that only got worse thereafter for two years and ended in wrongful termination using a pretext he created, while for seven years, Plaintiff had impeccable performance, and never been placed on a PIP.

2. On July 17, 2024, **TRHEE DAYS** after Plaintiff filed an occurrence report for patient safety violation and gross negligence that caused a patient to suffer serious adverse outcome which Plaintiff intervened urgently and helped save this patient's life, Defendant forced Plaintiff out of her job, suspended her indefinitely, engaged in fabricating Performance Improvement Plans while keeping her suspended, placed her on under DURESS with ultimatums, and wrongfully terminated her employment **FOUR MONTHS** thereafter.

Plaintiff's claims as plead in her First Amended Complaint demonstrate Defendant's violation of her independent statutory rights, non-concerted activities protected under state laws, and which are not preempted by section 301 of the LMRA. The Defendant cannot use preemption or CBA interpretation to manufacture a federal jurisdiction.

NOTICE OF AND MOTION TO REMAND

## 5. The Strict Construction Standard favors remand

This standard holds that *"unambiguous language dictates the sole boundaries of legislative intent without room for judicial construction"* *[Caminetti v. United States, 242 U.S. 470, 485 (1917)]*. The Strict Construction Standard favors remand to State Court if the underlying claims are grounded in independent state laws rather than the Collective Bargaining Agreement (CBA). This standard is rooted in the independent nature of statutory rights, the LMRA § 301 preemption, the existence of a federal question, the preservation of State Court jurisdiction strictly construed by federal courts, and rigorous interpretation of Title 28 U.S.C. § 1441. Any ambiguity about the need to interpret a CBA is traditionally resolved in favor of maintaining the Plaintiff chosen forum, leading to a remand to state court. If an individual employee is strictly advocating for themselves and not attempting to induce, initiate, or prepare for group action, their conduct is protected under statutory laws, and interpretation of a private contract such as CBA is not required, the case is remanded to state courts. If an individual acts entirely on their own behalf for non-concerted, purely personal issue, a CBA arbitration or grievance clause should not be enforceable as a barrier to bringing a separate, independent retaliation claim. *"If a state law provides rights that cannot be waived or modified by private contracts, CBA interpretation is not required"* *[Miller v. AT&T Network Sys., 850 F. 2d 543, 545-46 (9th Circ. 1988)]*. *"A defendant cannot invoke § 301 preemption by alleging hypothetical connection between the claim and*

NOTICE OF AND MOTION TO REMAND

*the terms of a CBA or create a link between subject matter of the claim and the wording of a CBA" [Cramer v. Consol Freightways, Inc., 255 F. 3d 683, 691-92 (9th Circ. 2001)].*

## 6. The "Substantial Dependence" Test favors Remand

*"State law is only completely preempted if the resolution of the claim is "substantially dependent" on an analysis of the CBA" [Livadas v. Bradshaw, 512 U.S. 107, 125 (1994)].* "If the resolution of retaliation, discrimination, and wrongful termination claims focus purely on motive and adverse action; the court only requires a "purely factual inquiry" into what Defendant did and why they did it, rather than interpreting the meaning of specific CBA terms. "If the state-law claim can be resolved without interpreting the CBA, the claim is not preempted and is not subject to federal jurisdiction" [Kaye v. Orange Reg'l Med. Ctr., 975 F. Supp. 2d 412, 421 (2013)]. In her First Amended Complaint, Plaintiff clearly pled the factual allegations that demonstrated Defendant's discrimination, retaliation, and wrongful termination arising from Plaintiff engagement in non-concerted activities, her independent statutory rights protected under state laws and not from violation of CBA, pointing directly to Defendant's motives in violating her independent statutory rights, annulling any need for interpretation of CBA to resolve her claims.

A CBA cannot waive fundamental statutory rights, and public policy prohibits a CBA from stripping away an individual's statutory protection. The right to be free from

NOTICE OF AND MOTION TO REMAND

discrimination, retaliation, and wrongful termination is independent of the CBA and non-negotiable. To defend against Plaintiff discrimination or retaliation claims, the Defendant holds the burden of proof that they had non-retaliatory or non-discriminatory reasons for their actions. This is a purely factual inquiry that assesses the Defendant's motives and conduct, not the meaning of the CBA. In Plaintiff's case, Defendant introduced a Performance Improvement Plan for the first time (which never existed in her seven years of employment with Defendant) during a second suspension after forcing her out of her job in retaliation just three days after she filed a patient safety violation and gross negligence that caused a patient to suffer severe adverse outcome, and placed her under DURESS with ultimatum to face termination following a two years continued severe discrimination and retaliation that Plaintiff endured, and used the PIPs as a pretext to justify wrongful termination.

Defendants cannot create preemption simply by invoking the CBA as a defense, thus, cannot use section 301 of the LMRA as a shield to manufacture a federal jurisdiction. Resolving Plaintiff's claims does not substantially rely on interpretation of CBA, nor federal law application. Plaintiff respectfully request that this court remands this case back to state for lack of subject matter jurisdiction.

## C. CONCLUSION

Because Plaintiff's First Amended Complaint, the Operative Complaint in this matter does not pleads a Substantial Federal Question; is "well-pleaded" and does not present

NOTICE OF AND MOTION TO REMAND

a Federal Question on the Face of her Complaint; Plaintiff amended her complaint and dropped federal claims as a master of her complaint; the resolution of Plaintiff's claims is not "substantially dependent" on an analysis of the CBA, The Strict Construction Standard favors remand and Plaintiff respectfully requests that this Court GRANTS her request and remands this case back to Superior Court of California, County of Los Angeles. For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Plaintiff respectfully requests that this Court grants this Motion to Remand and remands this case back to Superior Court of California, County of Los Angeles.

DATED: June 23, 2026

CECILE KASENGELA,

IN PRO PER

- 17 -

NOTICE OF AND MOTION TO REMAND

## **LOCAL RULE 11-3 CERTIFICATION**

I, CECILE KASENGELA, Plaintiff, In Pro Per, certify that this document complies

with the word-count limitation set forth in Judge Wesley L. Hsu's Standing Order,

Section G.4. Based on the word-processing software used to draft this Notice of

Motion and Motion to Remand, the word count is 3500, excluding captions, tables,

signature block, and any material not counted under the Local Rules.

DATED: June 23, 2026

CECILE KASENGELA,

IN PRO PER

NOTICE OF AND MOTION TO REMAND

## DECLARATION OF PLAINTIFF CECILE KASENGELA

I, CECILE KASENGELA, declares as follows:

1. I am the PLAINTIFF and a party In Pro Per in this action.

2. My address is 2306 Element Way, Chula Vista, CA 91915

3. I have personal knowledge of the facts stated herein, and if called to testify, I could and would do so competently.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: June 23, 2026

CECILE KASENGELA,

IN PRO PER

- 19 -

NOTICE OF AND MOTION TO REMAND

# [PROPOSED] ORDER

The Notice and Motion to Remand filed by Plaintiff CECILE KASENGELA came before this Court for consideration.

Having reviewed the motion, the memoranda, and all supporting documents filed in this matter, and finding good cause appearing, therefore:

IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Remand is GRANTED.

2. This action is REMANDED back to the Superior Court of California, County of Los Angeles.

3. The Clerck of this Court shall mail a certified copy of this Order of Remand to the Clerk of the State Court.

4. This Clerk of this Court shall close this case file in the Federal District Court.

IT IS SO ORDERED.


DATED: _____


                                        _____

                                        HON. WESLEY L. HSU

                                        UNITED STATES DISTRICT

                                        JUDGE

NOTICE OF AND MOTION TO REMAND

## **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and a party within this action. My home address is 2306 Element Way, Chula Vista, CA 91915

On June 23, 2026, I served the within document (s):

1. NOTICE OF MOTION AND MOTION TO REMAND;

2. MEMORANDUM POINTS AND AUTHORITIES;

3. PROPOSED ORDER;

4. DECLARATION OF PLAINTIFF CECILE KASENGELA

By transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below and electronically by using the Court's EDSS system.

CHRISTIAN RAWLEY: crawley@seyfarth.com

PETERSEN WALROD: pwalrod@seyfarth.com; Attorneys for defendant KAISER FOUNDATION HOSPITALS

BRAD UMSTED: brad.s.umsted@kp.org

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 22, 2026.

DATED: June 23, 2026

CECILE KASENGELA,

IN PRO PER

NOTICE OF AND MOTION TO REMAND