UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-01666-WLH-CTS | Date | July 2, 2026 |
|---|---|---|---|
| Title | *Cecile Kasengela v. Kaiser Foundation Hospitals et al.* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO STRIKE [55]**

The Court is in receipt of Plaintiff's Motion to Strike.  (Mot., Dkt. No. 55). Plaintiff moves the Court to strike Defendant's unilateral Rule 26(f) report (Report, Dkt. No. 42).

Under the Federal Rules of Civil Procedure, the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded," while "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds in Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994) (internal quotation marks and citations omitted).  The essential function of a Rule 12(f) motion is to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'"  *Fantasy, Inc.*, 984 F.2d at 1527 (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)) (upholding district court decision to strike unrelated, stale and barred counterclaims).  Motions to strike under Rule 12(f) "are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478-79 (C.D. Cal. 1996) (internal quotation marks and citations omitted) (finding that reference to "slave sweatshop" was "immaterial, scandalous, highly prejudicial and should be stricken.").

Here, Plaintiff has failed to demonstrate sufficient grounds to grant this Motion. Plaintiff submits this Motion because "Defendant demonstrated unjustified aggressive behavior and refused to acknowledge the legal standing regarding the filing deadline." (Mot. at 2).  Unspecified allegations of aggressive behavior, however, are not nearly enough to satisfy the standard for a motion to strike.  As it is Plaintiff's burden to show the Motion is meritorious, the Motion must be denied.

Moreover, the Court finds that Defendants unilaterally filed the Report only due to Plaintiff's failure to participate in the preparation of a joint report, as she is required to do under this Court's rules.  Defendants indicate that they were forced to unilaterally file because Plaintiff failed to timely submit her portions of the report, despite the Parties having met and conferred.  (Report at 1).  Defendants state that they appraised Plaintiff of the deadline to file this report and made multiple attempts to meet and confer ahead of the deadline.  (*Id*.).  Plaintiff does not properly challenge this series of events, nor does she claim to have submitted her position to Defendants' counsel for filing.  Plaintiff claims that she did not jointly file with Defendants because Defendants chose to unilaterally file the Joint Rule 26(f) Report early.  Plaintiff claims that the Report was not due until June 29, 2026, but, contrary to that assertion, the Report was due on June 26, 2026, which is fourteen days before the date set for this action's scheduling conference and the day on which Defendants filed their report.  (*See* Order Setting Scheduling Conference, Dkt. No. 34 at 3) ("The Joint Rule 26(f) Report must be filed not later than fourteen (14) days

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

before the scheduling conference.").  Plaintiff cannot now by this Motion escape the consequences of her refusal to participate or submit her portions.  For these reasons, the Court **DENIES** the Motion.

      **IT IS SO ORDERED.**